UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

EILEEN MENDEZ, individually and in her
capacity as the parent and natural
guardian of A.C.,

        Plaintiff,

    -against-                                  25 civ. 5746 (CM)

MELISSA AVILES-RAMOS AND THE
NEW YORK CITY DEPARTMENT OF
EDUCATION,

        Defendants.

----------------------------------------x

## ORDER CONSOLIDATING MOTIONS

McMahon, J.:

    This is the second IDEA case pending before this court between the Eileen Mendez, parent of the child A.C., and the New York City Department of Education. The first case, *Mendez et. al. v. Aviles-Ramos et al.*, 25 civ. 1096 (CM) involves the 2024-25 school year; this case involves the 2025-26 school year.

    On July 15, 2025 (Dkt. # 8), Plaintiff moved for a preliminary injunction declaring (1) that the child's pendency placement for the 2025-26 school year was at iBrain; (2) that the City was responsible for transportation costs in accordance with the contract between Sisters Travel and Transportation Services LLC ("Sisters Travel") as per the terms of the transportation agreement with the parents; and (3) that the City was responsible, as part of the child's pendency, to pay any and all late fees charged by either iBrain or Sisters Travel. Plaintiff brought suit even though, on or about July 7, 2025, she had filed an administrative proceeding seeking precisely the same relief, and a hearing on the very pendency issues raised by this motion (which is generally the first step in any due process proceeding) had been scheduled for September 3, 2025.

    When the parties showed up for the hearing on the motion for a preliminary injunction, the first thing I learned was that, on the very day of the pendency hearing, the Impartial Hearing Officer (IHO) had issued an order determining that the child's pendency was iBrain (rejecting the City's argument that a substantial increase in tuition at iBrain had obviated the pendency placement[1]), and that her pendency transportation was via Sisters Travel (rejecting for pendency purposes the

---

[1] I am advised that iBrain charges over $300,000 for a single child for the year – far in excess of the City's average per pupil expenditure of $35,900 for the year 2024.

City's argument that it could provide the child with adequate transportation at much less cost). The City acknowledged that the pendency order had come down and admitted that it mooted all but one of the issues comprehended in the motion for preliminary injunctive relief. Moreover, the City represented to the court that it intends to comply with the pendency order. It will continue to litigate the issue of whether, given the massive tuition increase, iBrain remains a proper placement for the child during the 2025-26 school year, as well as the issue of whether the City can provide her with transportation to and from school rather than paying a private contractor to do so. But those issues are not ripe for review by this court, since there has been no due process hearing as yet, let alone an appeal to a State Review Officer (SRO).

The issue that was ostensibly not resolved by the IHO's pendency order is the issue of whether the City is responsible for late fees charged by iBrain and/or Sisters Travel. It should come as no surprise that the City rarely pays the hefty amounts these entities charge until it knows that it absolutely has to – which is to say, until a final order from an administrative officer or a court directs it to do so. Thus, tuition and transportation fees can remain unpaid during the pendency of a due process hearing and any appeal that may follow. Given the hefty amounts charged for tuition and transportation by iBrain and Sisters Travel, those late fees can amount to quite a chunk of change – especially if the due process hearing and appeal process drags out over a year or more, which is quite common.

Plaintiff argues in this case that the City is liable for payment of late fees *as part of the child's pendency* – presumably because the pendency order requires the City to make direct payment to both iBrain and Sisters Travel "as per the terms of the [enrollment contract/transportation agreement] with the parent," Dkt. No. 23-1, and the late fees are comprehended in that agreement. The City argues that this is not the case.

The very issue – the issue of the City's liability for the payment of late fees incurred as a result of non-payment by the City *pendente lite* – is raised (indeed, is apparently the only contested issue) in the earlier-filed case involving the 2024-25 school year. There is presently pending in that case a motion for summary judgment, which will resolve the issue, since the parties agree that it raises a pure question of law. I have instructed the parties to finish briefing that motion by the end of this month, so that the court can address the issue of liability for late fees in a proper context – which is to say, in the context of a motion for permanent injunctive and declaratory relief, rather than a motion for a preliminary injunction pending a decision in a due process hearing. I do not intend to short-circuit the decision on that issue by deciding it in the context of a motion for preliminary injunctive relief – especially since the child's pendency placement at iBrain is assured, and the parents have introduced no evidence tending to show that their daughter will either be thrown out of iBrain or kept off the bus if the late fees are not paid while the summary judgment motion is decided. *See Mendez v. Banks*, 65 F.4th 56, 59 (2d. Cir. 2023).

I am *sua sponte* consolidating what is left of the motion for a preliminary injunction on the late fees issue in this case with the pending motion for summary judgment on the same issue in the 2024-25 school year case. Both will be decided in a single opinion.

Dated: September 9, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL