

**Muriel Goode-Trufant**
*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Eric Teszler**
*Assistant Corporation Counsel*
Office: (212) 356-1652

November 14, 2025

<u>**VIA ECF**</u>
Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    *Re:*  *Mendez, et al. v. Aviles-Ramos, et al.*, 25-cv-5746 (CM)

Dear Judge McMahon:

   I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants, Melissa Aviles-Ramos in her official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education ("DOE") (collectively, "Defendants") in the above-referenced matter.

   I write to respectfully request, *nunc pro tunc*, an extension of time to today, November 14, 2025, to file Defendants' discovery requests pursuant to the Court's October 30, 2025 Opinion and Order (ECF No. 39). To the extent that Defendants' discovery requests include a First Set of Interrogatories and Requests for Production as to Plaintiffs, the Plaintiffs assert that the Court's October 30 Opinion and Order directs ". . . iBRAIN to submit to discovery into its finances—including depositions, interrogatories, and the production of books, records, and bank statements going at least two years." Plaintiffs argue that the Court did not instruct the Plaintiffs to submit to discovery at this time, and that reciprocal discovery between the Plaintiffs and Defendants should proceed in the normal course. The parties therefore respectfully request that the Court clarify its order regarding discovery as to the Plaintiffs and/or Defendants at this stage. As to any other issues, the Plaintiffs take no position.

   As the primary attorney for Defendants assigned to this matter, I apologize for the untimely nature of this request, which resulted from my not properly calendaring the ten-day window from the date of the October 30, 2025 Opinion and Order to serve such discovery. Attached as Exhibits A–G are the discovery requests which Defendants recently served via e-mail upon Plaintiffs' counsel, as well as counsel—Max Nicholas, Esq. of Max Nicholas, LLC—who will be representing the International Institute of the Brain ("iBrain") and the prospective 30(b)(6) witness for Sisters Travel and Transportation Services, LLC, among other third parties.

   Defendants additionally note that the Court in *Moonsammy, et al. v. Aviles-Ramos, et al.*, 25-cv-5923 (AT) issued a discovery order on October 28, 2025 (ECF No. 49) regarding iBrain's financial

condition after the plaintiffs in that case placed that same subject matter into issue in their third application for preliminary injunctive relief, which also included a declaration by Dr. Daniel Sebbag. *See id.*, ECF Nos. 40–41. In their November 10, 2025 request to extend the discovery deadline in *Moonsammy* to December 11, 2025, and to provide a joint status letter by December 12, 2025 regarding the impact of that discovery on plaintiffs' pending applications for preliminary injunctive relief (ECF No. 52), Defendants noted that they had initially spoken with Mr. Nicholas in serving similar discovery requests on iBrain. The Court granted the request to extend such discovery deadlines in that matter (*see* ECF No. 53).

In light of the foregoing, Defendants respectfully request that the deadline to serve their discovery requests in this matter be extended to today, November 14, 2025.

Thank you for considering this request.

Respectfully submitted,

_____/s/ Eric Teszler_____
Eric Teszler, Esq
Assistant Corporation Counsel

cc:    All counsel of record (via ECF)
       Max Nicholas, Esq. (via e-mail)