

Muriel Goode-Trufant
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Eric Teszler
*Assistant Corporation Counsel*
Office: (212) 356-1652

January 14, 2026

**VIA ECF**
Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Mendez, et al. v. Aviles-Ramos, et al.*, 25-cv-05746 (CM)

Dear Judge McMahon:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action.

Defendants respectfully submit this letter-motion to compel discovery regarding the financial condition of the International Academy for the Brain ("iBrain"). To date, Defendants have received no such discovery from Plaintiff, iBrain, or any other third-party entity contemplated by the Court's Opinion and Order dated October 30, 2025 (ECF No. 39), and who were served with Defendants' discovery requests dated November 14, 2025 (ECF No. 42).

While this Court previously ordered both "Plaintiff and any third parties had to submit discovery NOW" (ECF No. 44), counsel for iBrain, Andrew Kincaid, has indicated to Defendants' counsel via email that the third parties' obligation to produce discovery has been stayed pending Plaintiff's appeal to the Second Circuit. On that basis, iBrain and the related third parties have refused to produce any documents in connection with Defendants' discovery requests.

Defendants submit that Mr. Kincaid's position is untenable. Plaintiff has not sought a stay of discovery pending appeal, and Plaintiff's appeal does not automatically divest this Court of jurisdiction over discovery. An interlocutory appeal divests the Court of jurisdiction only over issues to be considered on appeal. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). In *U.S. v. Cosme*, No. 13-cr-43 (LAP), 2022 U.S. Dist. LEXIS 137452 at *1–3 (S.D.N.Y. Aug. 2, 2022), the Court observed that the divesture of the district court's jurisdiction over a particular issue is "not a *per se* rule," but rather a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *Id.* (quoting *United States v. Rodgers*, 101 F.3d 247 (2d Cir. 1996)); *see also People v. Express Scripts, Inc.*, 139 F.4th 763 (9th Cir. 2025) (affirming district court's denial of stay

pending interlocutory appeal); *Cnty. of Westchester v. Express Scripts, Inc.*, 2024 U.S. App. LEXIS 34543 (2d Cir. 2024) (same). The district court also retains jurisdiction if the filing of the notice of appeal was from an order that was "patently nonappealable." *Rodgers*, 101 F.3d at 251–52 ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal.").

While an interlocutory appeal may, under 28 U.S.C. § 1292(a), divest the Court of its jurisdiction over the injunctive relief at issue, interlocutory appeals do not automatically divest the Court of its jurisdiction over the instant discovery dispute, as discovery orders cannot be the subject of an interlocutory appeal pursuant to 28 U.S.C. § 1292(a). *See Riddick v. Maurer*, 730 Fed. Appx. 34, 2d Cir. 2018 ("Accordingly, Riddick's appeal from the orders denying his motions relating to discovery and counsel must be dismissed for lack of jurisdiction.") (citing *In re W.R. Grace & Co.*, 984 F.2d 587, 589 (2d Cir. 1993) for proposition that discovery orders are generally non-final and unappealable).

Additionally, Plaintiff's appeal should not serve as a basis for withholding the production of discovery regarding iBrain's financial condition because it was brought from a patently unappealable interlocutory order, as Defendants will argue in a motion to dismiss the appeal. Plaintiff's representations in her initial filings in the Second Circuit that her preliminary injunction request is moot and the appeal will focus on the sanctions warning—which is not a valid basis for an interlocutory appeal—only highlight that their appeal is simply the latest attempt to evade discovery (2d Cir. ECF No. 8.1). Appellate jurisdiction aside, a narrow challenge to a sanctions warning is hardly the kind of appeal that warrants a stay of district court proceedings. *Cf. Coinbase, Inc.*, 599 U.S. at 741 (stay warranted only where question on appeal is the "mirror image" of one before district court).

Prior to noticing their interlocutory appeal, Plaintiff's law firm appears to have taken similar procedural steps in order to avoid subjecting iBrain and its related service providers to relevant discovery in this case as well as in *Frias, et al. v. Aviles-Ramos, et al.*, 25-cv-5936 (JPC), *Fiallos, et al. v. Aviles-Ramos, et al.*, 25-cv-7281 (JMF), and *Moonsammy, et al. v. Aviles-Ramos, et al.*, 25-cv-5923 (AT). Consistent with the foregoing, the Court observed the following in the October 30 Opinion and Order (ECF No. 39 at 4):

> Confronted with preliminary injunction motions just like this one, Judges Furman and Cronan ordered iBRAIN and its principals to provide discovery about their financial situation. *Fiallos v. Aviles-Ramos*, No. 25-cv-7281 (S.D.N.Y. Oct. 20, 2025), Dkt. No. 53, *Frias v. Aviles-Ramos*, No. 25-cv-5936 (S.D.N.Y. Sept. 11, 2025), Dkt. No. 44-2 at 2. Interestingly, the Plaintiffs in *Fiallos* and *Frias* responded to Judges Furman's and Cronan's orders by withdrawing their motions for a preliminary injunctive compelling the DOE to make immediate payment. Fiallos Dkt. No. 54, Frias Dkt. No. 46. Their response (which is very unlike the response one would expect from parents who were suffering immediate injury while fighting for their disabled children's rights) certainly suggests that iBRAIN is not in imminent financial danger - or, perhaps, that it has other reasons for not wanting a court to explore its finances.

In a similar vein, the plaintiffs in *Moonsammy, et al. v. Aviles-Ramos, et al.*, 25-cv-5923 (AT) withdrew their motion for a preliminary injunction following a similar order by the Court directing the

2

same Defendants to obtain discovery pertaining to iBrain's financial condition. *See Moonsammy, et al.*, 25-cv-5923 (AT) (ECF Nos. 49, 64).

The clear intention of the instant appeal is to arbitrarily halt the proceedings before this Court in an improper attempt to avoid producing relevant discovery for an issue that plaintiffs represented by the same counsel have repeatedly put into issue across various dockets in this Court, dating back at least two years in *Grullon, et al. v. Banks, et al.*, 23-cv-10388 (KPF), Tr. of Jan. 5, 2024 Hrg. Dkt. No. 39-3, at 58:7-12 ("THE COURT: I don't think it's DOE's obligation to avert a close down of the school. The children can be educated elsewhere . . . ."). Particularly when viewed within the context of *Frias, Fiallos*, and *Moonsammy*, it is plain that the instant action is yet another arbitrary and improper attempt by plaintiffs represented by the same law firm, as well as counsel who purports to represent iBrain, to avoid the production of relevant discovery, which should not be countenanced by this Court.

Defendants thus contend that the production of any discovery is separate from Plaintiff's request for an interlocutory appeal, which specifically pertains to the Court's determination that the motion for preliminary injunctive relief be held in abeyance pending the completion of discovery. Furthermore, the improper interlocutory appeal does not automatically stay the discovery dispute, and when viewed in tandem with *Fiallos, Frias*, and *Moonsammy*, the interlocutory appeal is yet another delay tactic to halt the production of relevant discovery.

For all of the foregoing reasons, Defendants respectfully request that the Court issue an order compelling Plaintiff and iBrain to respond to Defendants' discovery requests dated November 14, 2025 (ECF No. 42). If this Court agrees with Plaintiff that the preliminary injunction motion is moot, this Court retains jurisdiction to require discovery in connection with a sanctions proceeding.

Defendants thank the Court for considering this request.

Respectfully submitted,

*/s/ Eric Teszler*
Eric Teszler, Esq
Assistant Corporation Counsel

cc:    All counsel of record (via ECF)
       Andrew Kincaid, Esq. (via email)