UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EILEEN MENDEZ, as Parent and Natural Guardian of
A.C., and Individually,

                                    Plaintiff,

              v.

MELISSA AVILES-RAMOS, in her official capacity as
Chancellor of the New York City Department of
Education, et al.,

                                    Defendants.

CIVIL ACTION NO. 25 Civ. 5746 (CM) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.INTRODUCTION

Plaintiff Eileen Mendez, as Parent and Natural Guardian of A.C. and Individually ("Plaintiff") brings this action against Defendants New York City Department of Education ("DOE") and Melissa Aviles-Ramos, in her official capacity as Chancellor of the DOE (together, "Defendants") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 et seq., to, inter alia, enforce A.C.'s pendency rights for the 2025–2026 school year under § 1415(j) of the IDEA.  (Dkt. No. 1 (the "Complaint")).

The Court held a telephone conference on April 22, 2026 (the "Conference") to discuss (i) Plaintiff's motion to enforce the September 3, 2025 pendency order, for civil contempt, and for related relief (Dkt. Nos. 72–74 (the "Motion")); and (ii) the status of the production from non-parties the International Institute of the Brain ("iBrain") and Sisters Travel and Transportation, LLC ("Sisters," together, the "Witnesses") required by the Court's Order dated March 27, 2026. (Dkt. No. 75 (the "Witnesses' Production")).  By **April 24, 2026**, the parties shall order an expedited copy of the Conference transcript by selecting "daily" service on the annexed form.

1

For the reasons stated at the Conference, and set forth below, the Motion is **DENIED**. The Court further addresses the Witnesses Production below.

## II.THE MOTION

The factual and procedural background set forth in the October 30, 2025 Opinion and Order of the Honorable Colleen McMahon is incorporated by reference. (Dkt. No. 39 (the "Oct. 30 Order")). We set forth only the additional background necessary to explain our denial of the Motion during the Conference.

On September 3, 2025, the Independent Hearing Officer ("IHO") issued a written pendency order directing the DOE to pay (1) "full tuition to [iBrain] Chas per the terms of the enrollment contract between [i][Brain] and [Plaintiff,]" and (2) "payment to [Sisters] as per the terms of the transportation agreement with [Plaintiff.]" (Dkt. No. 23-1 at 1 (the "Sept. 3 Pendency Order")). Following a conference before Judge McMahon on September 8, 2025, Plaintiff filed the Sept. 3 Pendency Order on the docket in this action. (Dkt. Nos. 23; 23-1; minute entry dated Sept. 8, 2025). The next day, Judge McMahon issued an order with respect to Plaintiff's motion for a preliminary injunction in which she noted that "the child's pendency placement at iBrain is assured, and the parents have introduced no evidence tending to show that their daughter will either be thrown out of iBrain or kept off the bus if the late fees are not paid while the summary judgment motion is decided." (Dkt. No. 24 at 2 (the "Sept. 9 Order")). In the Motion, Plaintiff argues that, by referencing the Sept. 3 Pendency Order and stating that "the child's pendency placement at iBrain is assured," the Sept. 3 Pendency Order became an order of this Court. (Dkt. No. 73 at 7–8). Plaintiff acknowledges that in October 2025, the DOE paid $177,773.72 for the child's iBrain tuition and $94,829 for the child's transportation.

2

(Dkt. Nos. 73 at 10; 74-4).  Plaintiff argues, however, that the DOE's failure to make any further payments violates the Sept. 3 Pendency Order, warranting an order holding the DOE in contempt. (Dkt. No. 73 at 10–29).  After Plaintiff filed the Motion, the Witnesses notified the Court that, as of April 16, 2026, iBrain had "suspend[ed] operations" due in part to "staffing limitations." (Dkt. No. 87 at 1).  At the Conference, the Witnesses represented that iBrain remains closed as of this date but is working to reopen as early as April 23, 2026.

Defendants oppose the Motion, pointing out that the DOE has appealed the Sept. 3 Pendency Order, such that the scope of its payment obligations under that Order are under review by a State Review Officer ("SRO") and non-final.  (Dkt. No. 84 at 3–4).  Defendants add that Plaintiff "fails to identify how [the child's] educational placement at iBrain is in any way jeopardized, or that Plaintiff stands to suffer any type of irreparable harm."  (Id. at 4).  At the Conference, Defendants' counsel represented to the Court that it has not changed, and will not change, without Plaintiff's consent, the child's placement at iBrain, even in light of iBrain's suspension of operations.  (See Dkt. No. 87).  Accordingly, Defendants argue that Plaintiff has failed to identify any Court order with which Defendants have failed to comply. (Dkt. No. 84 at 7).

"It is well settled that a court may not hold a person in contempt unless he has violated a definite and specific order of the court."  United States v. Charmer Indus. Inc., 722 F.2d 1073, 1079 (2d Cir. 1983); see Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., No. 06 Civ. 85 (LBS), 2007 WL 2982295, at *3 (S.D.N.Y. Oct. 10, 2007) ("A party will be held in civil contempt of a court order only upon a showing of clear and convincing evidence of a violation of

a clear and unambiguous order of the court.").[1]  Plaintiff fails to identify any order of this Court

that Defendants have violated.   Even accepting Plaintiff's argument that Judge McMahon's

Sept. 9 Order transformed the Sept. 3 Pendency Order into an order of this Court (Dkt. No. 73 at

7–8), the child's placement at iBrain remains "assured," as Judge McMahon instructed.  (Dkt.

No. 24 at 2).  Particularly given Defendants' counsel's representations at the Conference that the

child's placement at iBrain remains intact, and Plaintiff's counsel's acknowledgment at the March

3, 2026 conference that the child's "placement [is not] in jeopardy," (Dkt. No. 70 at 20:11–12),

Plaintiff has not provided any evidence that the child's placement at iBrain is "at risk."  See Davis

v. Aviles-Ramos, No. 25 Civ. 7555 (KPF), Dkt. No. 57 (S.D.N.Y. Apr. 2, 2026).  Furthermore, as other

courts in this District have recognized, where the DOE is challenging the balance due under a

pendency order before an SRO, it is inappropriate for this Court to require the DOE "to pay the

full balance [] while those appeals remain pending."  Nicholls v. Aviles-Ramos, No. 25 Civ. 7569

(JPO), 2026 WL 699791, at *5 (S.D.N.Y. Mar. 12, 2026).

Accordingly, Plaintiff has failed to raise any colorable ground on which to hold Defendants

in contempt, so the Motion is **DENIED**.[2]

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

[2] To the extent that Plaintiff seeks alternative, related relief, including an order directing "Defendants immediately to pay all unpaid pendency amounts due under" the Sept. 3 Pendency Order and "immediately to resume and maintain ongoing pendency compliance[,]" (Dkt. No. 72 at 1–2), for the reasons set forth above, because the child's placement at iBrain remains intact, Plaintiff has not shown that Defendants are not in compliance with the Sept. 3 Pendency Order.  Accordingly, Plaintiff has not demonstrated her entitlement to these other forms of relief.  Similarly, the disposition of the Motion renders it unnecessary at this time to analyze Defendants' arguments for dismissal of Plaintiff's Monell claims.  (Dkt. No. 84 at 9–10).

### III. THE WITNESSES' PRODUCTIONS

As discussed at the Conference, by **May 1, 2026**, the Witnesses shall provide Defendants with a supplemental disclosure that separates (i) payroll, and (ii) insurance on a monthly basis (the "Supplemental Witness Production"). In addition, the Court confirmed during the Conference that Defendants' counsel may share with the DOE's in-house counsel the Witnesses' Production as well as the Supplemental Witness Production.

A telephone conference to discuss the status of the Supplemental Witness Production and scheduling depositions of the Witnesses is scheduled for **May 5, 2026 at 2:30 p.m. ET** on the Court's conference line. The parties are directed to call (855) 244-8681; access code: 2308 226 4654 at the scheduled time.

The Clerk of Court is respectfully directed to close Dkt. No. 72.

Dated:     New York, New York          SO ORDERED.
           April 23, 2026

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, <u>NOT the Southern District Court Reporters.</u> The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.
**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request).
Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: _____

| Case Caption | |
|---|---|
| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |

## INDICATE SERVICE:
(prices listed are per page)

| Daily $7.30 | ◯ | 3 Day $6.55 | ◯ | 7 Day $5.85 | ◯ | 14 Day $5.10 | ◯ | 30 Day $4.40 | ◯ |
|---|---|---|---|---|---|---|---|---|---|

| Your Name | |
|---|---|
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

| RESET | PRINT | SAVE | EMAIL |
|---|---|---|---|