UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EILEEN MENDEZ, as Parent and Natural Guardian of A.C., and Individually,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, et al.,<br><br>Defendants. | CIVIL ACTION NO. 25 Civ. 5746 (CM) (SLC)<br><br>**OPINION & ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

## I.INTRODUCTION

Plaintiff Eileen Mendez, as Parent and Natural Guardian of A.C. and Individually ("Plaintiff") brings this action against Defendants New York City Department of Education ("DOE") and Melissa Aviles-Ramos, in her official capacity as Chancellor of the DOE (together, "Defendants") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 et seq., to, inter alia, enforce A.C.'s pendency rights for the 2025–2026 school year under § 1415(j) of the IDEA.  (Dkt. No. 1 (the "Complaint")).

Before this Court is Plaintiff's motion to reconsider and vacate the Court's Order dated April 23, 2026 (Dkt. No. 90 (the "Apr. 23 Order")), see Mendez v. Aviles-Ramos, No. 25 Civ. 5746 (CM) (SLC), 2026 WL 1103092 (S.D.N.Y. Apr. 23, 2026) ("Mendez II"), which denied Plaintiff's motion to enforce the Sept. 3 Pendency Order, for civil contempt, and for related relief (Dkt. Nos. 72–74 (the "Contempt Motion")).  (Dkt. Nos. 91; 91-1 (the "Reconsideration Motion")). For the reasons set forth below, the Reconsideration Motion is **DENIED**.

1

## II.<u>BACKGROUND</u>

We incorporate by reference the factual and procedural background set forth in the October 30, 2025 Opinion and Order of the Honorable Colleen McMahon (Dkt. No. 39 (the "Oct. 30 Order")), see <u>Mendez v. Aviles-Ramos</u>, No. 25 Civ. 5746 (CM), 2025 WL 3033725 (S.D.N.Y. Oct. 30, 2025) ("<u>Mendez I</u>"), and the Apr. 23 Order (Dkt. No. 90), see <u>Mendez II</u>, 2026 WL 1103092, and employ the same defined terms from those Orders.  We set forth only the additional background necessary to analyze the Reconsideration Motion.

On March 24, 2026, Plaintiff filed the Contempt Motion, which sought enforcement of the Sept. 3 Pendency Order, an order that Defendants were in civil contempt, and related relief. (Dkt. Nos. 72–74).  On April 23, 2026, following a conference with the parties the day before (the "Apr. 22 Conference"), the Court denied the Contempt Motion.  (Dkt. No. 90; Apr. 22 Tr. at 44:24–45:24).[1]  <u>Mendez II</u>, 2026 WL 1103092, at *2.  In addition, the Court memorialized in the Apr. 23 Order that it had "confirmed during the [Apr. 22] Conference that Defendants' counsel may share with the DOE's in-house counsel the Witnesses' Production as well as the Supplemental Witness Production[,]" which Defendants had requested during the Apr. 22 Conference without opposition or comment from counsel for Plaintiff or the Witnesses.  (Dkt. No. 90 at 5; Apr. 22 Tr. at 13–14).  <u>Mendez II</u>, 2026 WL 1103092, at *2.

On April 28, 2026, Plaintiff filed the Reconsideration Motion, seeking to vacate the Apr. 23 Order, a ruling that the DOE is not excused from complying with the Sept. 3 Pendency

---

[1] In the Apr. 23 Order, the Court directed the parties to order an expedited copy of the Apr. 22 Conference transcript (the "Apr. 22 Tr.") by April 24, 2026.  (Dkt. No. 90 at 1).  As of the date of this Opinion and Order, the Apr. 22 Tr. has been prepared and a courtesy copy provided to the Court but has not yet been docketed.  Accordingly, we refer to the Apr. 22 Tr. herein and cite the relevant page numbers.

Order, and to prohibit dissemination of the Witnesses' Production and Supplemental Witness Production "beyond outside litigation counsel of record, litigation support staff, retained experts or consultants who execute acknowledgments, and the Court[.]" (Dkt. Nos. 91; 91-2). The Court held a telephone conference on May 5, 2026 (the "May 5 Conference") to discuss, inter alia, the Reconsideration Motion. (Dkt. Nos. 94; 95; minute entry dated May 5, 2026). During the May 5 Conference, Defendants waived their right to submit a written opposition and argued why the Reconsideration Motion should be denied. (Dkt. No. 95 at 19–22, 25–26, 29). At the conclusion of the May 5 Conference, the Court indicated that a written decision would follow. (Id. at 26, 29).

### III.DISCUSSION

#### A.  Legal Standard

"Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 6.3 govern motions for reconsideration, depending on the type of order at issue and the relief sought." Zayas v. Banks, No. 22 Civ. 7112 (KPF), 2024 WL 1657880, at *3 (S.D.N.Y. Apr. 17, 2024); see Silverberg v. DryShips Inc., No. 17 Civ. 4547 (SJF) (ARL), 2018 WL 10669653, at *2 (E.D.N.Y. Aug. 21, 2018); United States v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014); Fed. R. Civ. P. 59(e) (motion to alter or amend judgment), 60(b) (motion for relief from judgment or order); Local Civ. R. 6.3 (motion for reconsideration).[2]  All reconsideration motions are subject to a "strict" standard, Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), and will be granted "only when the movant identifies 'an intervening change of controlling law,

---

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" SEC v. Gottlieb, No. 98 Civ. 2636 (LAP), 2021 WL 5450360, at *2 (S.D.N.Y. Nov. 22, 2021) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013)).

"The standards for relief under Local Civil Rule 6.3 and Rule 59(e) are 'identical.'" Ramirez v. United States, No. 05 Civ. 4179 (SAS), et al., 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013). "Local Civil Rule 6.3 requires that a party seeking reconsideration set forth 'the matters or controlling decisions which counsel believes the Court has overlooked,' and such a motion shall only be granted if the Court determines that the factual matters or controlling precedent was, in fact, overlooked, 'on the underlying motion and that would have changed its decision.'" Yelle v. Mount St. Mary Coll., No. 18 Civ. 10927 (PMH), 2021 WL 311213, at *2 n.1 (S.D.N.Y. Jan. 29, 2021) ("Yelle I"), aff'd sub nom. Yelle v. Mount Saint Mary Coll., No. 21 Civ. 480, 2022 WL 1715979 (2d Cir. May 27, 2022) (summary order) ("Yelle II"). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

### B. Application

In the Apr. 23 Order, the Court denied the Contempt Motion because Plaintiff "fail[ed] to identify any order of this Court that Defendants have violated." Mendez II, 2026 WL 1103092, at *2. In the Reconsideration Motion, Plaintiff claims that the Court "overlooked" the posture of the Contempt Motion and failed to address "whether DOE's acknowledged, partially-performed payment obligations constituted a sufficiently definite order to support enforcement."

(Dkt. No. 91-1 at 7, 10).  But <u>DOE's</u> actions could not "constitute[] a sufficiently definite order" — only an order of <u>this</u> Court is relevant to the determination of whether Defendants could be held in contempt.  See <u>Mendez II</u>, 2026 WL 1103092, at *2 (explaining that a "definite and specific order of the court" was required to hold Defendants in contempt).  The Reconsideration Motion demonstrates neither a Court order that Defendants violated nor controlling law or factual matters that this Court overlooked in the Apr. 23 Order and therefore fails to demonstrate that reconsideration is warranted.

To the extent that Plaintiff complains in the Reconsideration Motion that DOE is required to make payments notwithstanding its pending challenge to the balance due under the Sept. 3 Pendency Order (Dkt. No. 91-1 at 10–13), the Court rejected that argument, citing other decisions from this District that had done the same.  <u>Mendez II</u>, 2026 WL 1103092, at *2.  Plaintiff's argument is merely a rehashing of arguments made in the Contempt Motion and does not provide a basis for reconsideration.  See <u>Yelle I</u>, 2021 WL 311213, at *5 (holding that plaintiff's attempt to "resurrect arguments previously advanced and rejected" did not warrant reconsideration).

Finally, Plaintiff asks the Court to modify the Apr. 23 Order to preclude "dissemination of confidential provider financial records to DOE institutional personnel in circumstances that create a concrete risk of prejudice to A.C.'s pendency rights[,]" a risk that the Apr. 23 Order purportedly "did not address."  (Dkt. No. 91-1 at 13).  We reject Plaintiff's request for four reasons.  First, during the Apr. 22 Conference, Plaintiff's counsel raised no objection to the Court's permitting disclosure of the Witnesses' Production and the Supplemental Witness Production to DOE's counsel.  (<u>See</u> Apr. 22 Tr. at 13–14).  Plaintiff may not now raise new arguments on that

issue in the Reconsideration Motion.  See Yelle I, 2021 WL 311213, at *5 (explaining that reconsideration motion "is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that [they] failed to advance in connection with the underlying motion").  Second, during the May 5 Conference, Plaintiff's counsel was unable to point to any information in the Witnesses' Production and the Supplemental Witness Production, which concerns the general financial condition of the Witnesses (see Dkt. Nos. 68; 75; 90 at 5), that was specific to A.C.  (Dkt. No. 95 at 22–23).  Third, the Apr. 23 Order made clear that Defendants' counsel may share the productions with "DOE in-house counsel" only, Mendez II, 2026 WL 1103092, at *2, and Plaintiff identifies neither any risk to A.C. from that disclosure nor specific DOE personnel with whom she claims the productions should not be shared.  (Dkt. No. 91-1 at 13–15).  Finally, in the Apr. 23 Order, the Court explained that A.C.'s "placement at iBrain remains 'assured,'" as Judge McMahon ordered and Defendants have agreed to uphold, but Plaintiff has still not shown any evidence that A.C.'s placement is at risk.  Mendez II, 2026 WL 1103092, at *2.  Accordingly, Plaintiff has failed to justify any change to the Apr. 23 Order concerning disclosure to DOE's in-house counsel.

## IV. CONCLUSION

For the reasons set forth above, the Reconsideration Motion is **DENIED**.  The Clerk of Court is respectfully directed to close Dkt. No. 91.

Dated:    New York, New York
          May 12, 2026                                    SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

6