UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x

EILEEN MENDEZ, as Parent and Natural Guardian
of A.C., and EILEEN MENDEZ, Individually,

Plaintiff,

-against-

MELISSA AVILES-RAMOS, in her official
capacity as Chancellor of the New York City
Department of Education and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

Defendants.

———————————————————————————— x

25-cv-5746 (CM)

### ORDER DENYING PLAINTIFF'S MOTION FOR AN INDICATIVE RULING

McMahon, J.:

The Court has reviewed Plaintiff's motion for an indicative ruling under Federal Rule of Civil Procedure 62.1 and the supporting memorandum of law. Dkt. Nos. 92–93. Plaintiff asks the Court to issue an order indicating that, if the Second Circuit were to remand the pending appeal from this Court's order found at Docket Number 39 (which is presently on appeal to that court), this Court would grant "targeted relief necessary to preserve A.C.'s pendency placement" – or, at minimum, that Plaintiff's motion raises a "substantial issue." Dkt. No. 92, at 1.

The motion is in all respects DENIED.

Plaintiff first moved in this case for a preliminary injunction requiring DOE to make immediate pendency payments for A.C.'s 2025–2026 school year shortly after this action was commenced. Dkt. No. 8. The Court denied that motion because binding Second Circuit precedent – established in a case brought by this very parent, and by the same attorneys – forecloses any argument that the IDEA's stay-put provision automatically entitles

Plaintiff to immediate payment of the cost of a disputed educational placement while the propriety of the placement is being litigated – as opposed to maintenance of the child's then-current educational placement. *See Mendez v. Banks*, 65 F.4th 56, 59, 63 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024) (*Mendez I*). As the Second Circuit held, "The IDEA's stay-put provision entitles families to automatic relief with respect to educational placement but not with respect to payments." *Id.* at 59. Parents may obtain immediate payment relief only if they show "that a delay or failure to pay has threatened their child's placement." *Id.*

Only last week, the Second Circuit confirmed that it meant what it said in *Mendez I*. In a case brought by Liberty & Freedom Legal Group on behalf of parents of children attending iBRAIN, the Court of Appeals affirmed an order of my colleague Judge Schofield that dismissed the plaintiffs' amended complaints and denied their motions for preliminary injunctions seeking, among other things, expedited pendency payments from DOE. *See Ramos v. Samuels*, 2026 WL 1346852, at *1–4 (2d Cir. May 14, 2026), *aff'g Ramos v. Banks*, 2025 WL 1455703 (S.D.N.Y. May 21, 2025). Judge Schofield held that most of the plaintiffs' pendency and payment claims were moot or unripe, and denied preliminary injunctive relief because the plaintiffs had not shown irreparable harm. *Ramos*, 2025 WL 1455703, at *3–8. She explained that the IDEA "does not impose a statutory deadline for payment to be made," *id.* at 5, and that, absent a showing that delay "has jeopardized" the student's placement, immediate-payment relief is not available. *Id.* Judge Schofield further found that the plaintiffs' evidence about iBRAIN's financial condition consisted of "conclusory statements" that were "undercut by the fact that the Student-Plaintiffs have continued to attend iBRAIN," *id.* at 8, and that "the record contains no evidence that the students' educational placements have been jeopardized." *Id.*

In *Ramos*, the Second Circuit explained that the plaintiffs in *Mendez I* had "sprinted to federal court" after receiving pendency orders and sought "immediate payment from the DOE under the pendency provision," but that *Mendez I* rejected the argument that the stay-put provision itself entitled them to immediate funding for a private school placement. *Ramos*, 2026 WL 1346852, at *2. The Second Circuit repeated that "the IDEA's stay-put provision does not create an entitlement to immediate payment or reimbursement," and that, absent a showing that delay or nonpayment has jeopardized the child's placement, "the DOE is not obliged to circumvent its ordinary payment procedures." *Id.* at 3 (quoting *Mendez I*, 65 F.4th at 63). It also described as "generalized" the claim made there – and effectively repeated here – that delayed payments might cause iBRAIN, the pendency placement, to close. *Id.*

Plaintiff's counsel, Rory J. Bellantoni and Nicole Lancia of Liberty & Freedom Legal Group, should by now be well aware that their repeated requests for immediate-payment relief are not going to be granted absent the showing *Mendez I* requires. That is for good reason. Immediate payment creates the very real possibility that public funds, once disbursed, will never be recovered, even if the obligation to fund the cost of private school is later found not to exist, because the DOE has offered the child a FAPE in the public schools. Orderly litigation requires a school designated as a pendency placement to educate the child with the understanding that payment will be made by the City if the asserted pendency obligation is sustained – but also with the risk that, if the asserted obligation is rejected, the school may have to look to the parents for compensation, as is ordinarily contemplated by the school's contract with the parents. The exception to this rule is narrow. A parent must make a competent, child-specific evidentiary showing that nonpayment threatens the student's actual placement. A generalized assertion about iBRAIN's finances does not suffice.

After Plaintiff's first motion for injunctive relief was denied, Plaintiff filed a second emergency motion seeking immediate payment. Dkt. No. 28. That motion led to the October 30 order now on appeal – the order Plaintiff asks this Court to signal that it would revisit if the Court of Appeals were to remand. The Court did not grant the second motion for injunctive relief. But the Court did not deny it, either. Instead, because Plaintiff had placed squarely at issue the financial condition of iBRAIN and those who own and control it, the Court ordered discovery into iBRAIN's finances and held Plaintiff's emergency motion in abeyance until that discovery was completed. Dkt. No. 39.

The Court observed that Plaintiff's preliminary showing rested on the assertion that iBRAIN "could" close and that delayed pendency payments "may lead to reductions or suspensions in services." Plaintiff did not offer evidence that A.C. had actually lost services or was about to be removed from his placement. *Id.* at 3–4. The Court could, consistent with the ruling in Judge Schofield's case, have simply denied the motion at that point. However, the Court reserved judgment "on all issues pending completion of the discovery ordered above," and stated that, "Until such time as Plaintiff can demonstrate that her application is not simply an attempt to 'circumvent[]' the 'ordinary . . . procedures' that apply to IDEA claims," the emergency motion would "remain in abeyance." *Id.* at 9 (quoting *Mendez I*, 65 F.4th at 63).

It is this specific order – an order holding the emergency motion in abeyance and directing discovery so that Plaintiff could try to make the sort of showing the Second Circuit requires – from which Plaintiff has taken an appeal. And it is that same order that iBRAIN – the real party in interest here (and, in this Court's view, the true client of Liberty & Freedom Legal Group) – now asks this Court to claw back from the Court of Appeals so that the Court can change course and order interim public funding for A.C.'s education *pendente lite*.

The Court has no intention of changing course. An indicative ruling would be entirely inappropriate in this case.

Rule 62.1 provides district courts with several options when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). Under Rule 62.1(a), the district court may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Rule is permissive, not mandatory, and leaves the decision whether to issue an indicative ruling to the Court's discretion.

Plaintiff argues that the Court should revisit the October 30 order because post-order developments have supposedly overtaken the premise of that ruling – principally DOE's alleged "self-stay" of pendency payments, discovery before Magistrate Judge Sarah L. Cave, and an April 15, 2026 communication from iBRAIN stating that, "due to current staffing limitations, school will be closed tomorrow," and that iBRAIN was "actively working to stabilize staffing and operations." Dkt. No. 93, at 16–17.

But those "developments" do not cure the evidentiary deficiency that led this Court to require discovery in the first place. Even assuming iBRAIN suspended operations for a day or two, that fact alone does not establish that A.C.'s placement has been lost, or that immediate payment of her tuition by the City (as opposed to by the parents, or by no one at all) would remedy whatever staffing or financial issues caused the interruption. Nor would any temporary closure of the school support the extraordinary relief Plaintiff seeks; as far as this Court is aware iBRAIN is presently open for business. It would be surprising if it were not; if iBRAIN is not operating, DOE can hardly be ordered to pay it to educate A.C.

- 5 -

Plaintiff has appealed from this Court's October 30 order holding her application for emergency relief in abeyance and ordering discovery so that the Court can determine whether the pendency placement is in fact endangered. That discovery is proceeding, as the October 30 order directed. It is being supervised by Magistrate Judge Sarah L. Cave, who, from this Court's vantage point, is doing an admirable job – despite the resistance to court-ordered discovery that iBRAIN, its owners, and its associated enterprises have displayed. Judge Cave's order, dated April 23, 2026, directed iBRAIN and Sisters Transportation to provide supplemental disclosures separating payroll and insurance on a monthly basis, and scheduled a further conference to discuss the supplemental production and the scheduling of depositions. *Mendez*, 2026 WL 1103092, at *2–3. The Court has not been advised that the discovery Judge Cave ordered has been completed. In other words, the discovery this Court ordered has not yet run its course. Until it is complete, any ruling that Plaintiff has satisfied the evidentiary burden the Court imposed on October 30 would be premature.

When Judge Cave advises this Court that the discovery ordered in October has concluded, and that iBRAIN, its owners, and its associated enterprises have produced the information Judge Cave has deemed essential, this Court will set an appropriate briefing schedule. The Court will then consider, on a full factual record, whether A.C.'s pendency placement is (or was) actually endangered because iBRAIN is closing. The Second Circuit's decisions require that such a record be developed before this Court makes the finding Plaintiff asks it to make – or declines to make that finding, if the facts do not bear Plaintiff's endangerment argument out.

Meanwhile, the administrative proceedings relating to A.C.'s placement for this school year are, to the Court's knowledge, ongoing. And A.C. is going to school at iBRAIN. By the time the ordered discovery is complete, the present application may well be moot – either because the

SRO will have resolved DOE's administrative challenge to the September 3 pendency order, or because the school year will be over and A.C.'s pendency placement for that year will have been completed.

Plaintiff's request for an indicative ruling cannot be viewed in a vacuum. This Court is being flooded with iBRAIN cases in which the same lawyers demand court-ordered immediate payment of pendency amounts that DOE disputes or is in the process of challenging – despite the Second Circuit's clear and repeated instruction that the stay-put provision does not entitle iBRAIN parents, let alone iBRAIN, to immediate payment *pendente lite* absent a child-specific showing that nonpayment jeopardizes the student's placement. As a result, judges other than Judge Schofield and myself have had occasion to consider Mr. Bellantoni's innumerable requests for emergency relief.

My colleague Judge Liman recently denied materially similar emergency relief sought by another iBRAIN parent based on similar untested allegations. *See Ramos v. Samuels*, No. 26-cv-3128 (LJL), Dkt. No. 18. His reasoning is persuasive. In *Ramos*, the plaintiff relied on an April 15, 2026 iBRAIN communication that mentioned "current staffing limitations" and argued that the child's pendency placement was endangered thereby. Judge Liman concluded that the showing was insufficient because there was "no evidence what those staffing limitations are, what caused them, how long they are likely to last or if they will recur, and how they are affecting the school." *Id.* at 5. He further observed that the plaintiff had not explained "how the funding of a single student's pendency would alleviate the underlying problem they have identified, which allegedly is the inability to pay more than 200 staff members and make payments on past-due rent." *Id.* Indeed, counsel in that case was "not able to proffer that the school would open solely for one student." *Id.*

- 7 -

Plaintiff's counsel have filed requests for immediate pendency payments before a number of other judges on this court. *See, e.g.*, *Zafrani v. Aviles-Ramos*, No. 25-cv-9772 (MMG); *Abreu v. Aviles-Ramos*, No. 25-cv-5499 (RA); *Juca v. Aviles-Ramos*, No. 25-cv-6972 (DEH); *Ramos v. Samuels*, No. 26-cv-3128 (LJL); *Bruckauf v. Aviles-Ramos*, No. 25-cv-5679 (KPF). My colleague Judge Failla denied a similar request for an indicative ruling in *Bruckauf*, finding persuasive Judge Liman's reasons for denying similar emergency relief. *See Bruckauf v. Aviles-Ramos*, No. 25-cv-5679 (KPF), Dkt. No. 74.

I also note that Plaintiff has advanced substantially the same theory before the learned magistrate judge who is overseeing the court-ordered discovery. She, too, has rejected Plaintiff's requests for relief on a record that was admittedly insufficient to warrant concluding otherwise. *See, e.g.*, *Mendez v. Aviles-Ramos*, No. 25 Civ. 5746 (CM) (SLC), 2026 WL 1103092, at *1–3 (S.D.N.Y. Apr. 23, 2026); *Mendez v. Aviles-Ramos*, 2026 WL 1296004 (S.D.N.Y. May 12, 2026).

In sum, Plaintiff has not shown with competent evidence that A.C. has been removed from iBRAIN, that any staffing disruption was caused by DOE's nonpayment of A.C.'s pendency invoices, or that an order requiring payment in this single case would remedy the schoolwide financial and staffing problems Plaintiff attributes to DOE. At most, Plaintiff has shown that iBRAIN may have closed for at least one day because of unspecified "staffing limitations." This is not enough to establish with competent evidence that A.C.'s pendency placement has been jeopardized within the meaning of *Mendez*. Therefore, the Court declines to give Plaintiff the indicative ruling she seeks.

Rule 62.1 is not a vehicle for relitigating the October 30 order while that order is on appeal. *LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017). Nor is it a means of circumventing the discovery this Court ordered precisely because Plaintiff's theory of imminent

loss of pendency depends on iBRAIN's financial condition. *See Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013) (noting that "an indicative ruling on the very issue on appeal only interrupts the appellate process"). If Plaintiff can make a competent, case-specific evidentiary showing that A.C.'s placement is actually jeopardized, she should do so in the ordinary course.

### Conclusion

Plaintiff's motion for an indicative ruling under Rule 62.1 is DENIED. The underlying emergency motion remains in abeyance as set forth in the Court's October 30, 2025 Opinion and Order, pending completion of the discovery ordered therein and subject to any ruling by the Second Circuit.

The Clerk of Court is directed to terminate the motion at Docket Entry 92. This is a written decision.

Dated: May 18, 2026

_____

U.S.D.J.

BY ECF TO ALL COUNSEL