UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EILEEN MENDEZ, as Parent and Natural Guardian of A.C., and Individually,<br>Plaintiff,<br>v.<br>MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, et al.,<br>Defendants. | CIVIL ACTION NO. 25 Civ. 5746 (CM) (SLC) |
| MARIYA ZAFRANI, as Parent and Natural Guardian of A.Z., and Individually,<br>Plaintiff,<br>v.<br>KAMAR SAMUELS, in his official capacity as Chancellor of the New York City Department of Education, et al.,<br>Defendants. | CIVIL ACTION NO. 25 Civ. 9772 (MMG) (SLC) |
| JHOANA JUCA, as Parent and Natural Guardian of K.A., and Individually,<br>Plaintiff,<br>v.<br>MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, et al.,<br>Defendants. | CIVIL ACTION NO. 25 Civ. 6972 (DEH) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the telephone conference held on September 10, 2026 (the "Conference") in the actions Mendez v. Aviles-Ramos et al., No. 25 Civ. 5746 (S.D.N.Y.) (CM) (SLC) ("Mendez"); Zafrani v. Samuels et al., No. 25 Civ. 9772 (S.D.N.Y.) (MMG) (SLC) ("Zafrani"); and Juca v. Aviles-Ramos et al., No. 25 Civ. 6972 (S.D.N.Y.) (DEH) (SLC) ("Juca"), the Court **ORDERS** the following:

1. By **September 11, 2026**, the parties in Mendez, Zafrani, and Juca shall order a copy of the Conference transcript (the "Transcript") on an expedited basis by selecting "daily" service on the annexed form. **Within one day** of receiving the Transcript, the parties shall provide a copy of the Transcript to Andrew Kincaid, Esq. ("Mr. Kincaid"), counsel for non-parties the International Institute of the Brain ("iBrain") and Sisters Travel Transportation and Transportation Services, LLC ("Sisters," together with iBrain, the "Witnesses").

2. By **September 15, 2026**, Mr. Kincaid shall provide the Witnesses with a copy of the Transcript and this Order, and file a letter confirming he has done so.

3. As stated in the Opinion and Order of the Honorable Colleen McMahon dated October 30, 2025, (Mendez, Dkt. No. 39 (the "Oct. 30 Order")), and as reiterated: (i) at the August 18, 2026 telephone conference; (ii) in the Court's Order at Dkt. No. 119; and (iii) again at the Conference, the Witnesses are required to sit for depositions concerning their finances (the "Witness' Depositions"). (Mendez, Dkt. Nos. 39 at 7–8; 119 ¶ 3). On August 18, 2026, the Court ordered the Witnesses to "provide dates for the [Witness'] Depositions to occur between September 11, 2026 and September 30, 2026." (Mendez, Dkt. No. 119 ¶¶ 3, 5). Despite this unequivocal direction, to date, the Witnesses have not provided dates.

4. By **September 15, 2026**, Defendants Melissa Aviles-Ramos and New York City Department of Education ("Defendants") shall serve on the Witnesses notices ("Notices") for the Witnesses' Depositions and file the Notices and proof of service on the Witnesses. The Court will then So Order the Notices.

5. The Witnesses are warned that failure to appear for the Witness Depositions at the time and place specified in the Notices, despite having received notice and an opportunity to be heard (see ¶ 2, supra), may result in the Court holding them in civil contempt.

Federal Rule of Civil Procedure 45(g) provides that the Court issuing a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). It is appropriate to hold a party in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous[;] (2) the proof of noncompliance is clear and unambiguous[; and] (3) the contemnor has not diligently attempted to comply in a reasonable manner." Gov't Emps. Ins. Co. v. N. Med. Care, P.C., No. 20 Civ. 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021).

"Rule 45 applies to non-parties" like the Witnesses. Gov't Emps. Ins. Co., 2021 WL 7906537, at *1. Where the contemnor is a non-party, "courts have generally been reluctant to invoke contempt powers for failure to comply with a subpoena without the prior issuance of a court order compelling that compliance . . ." Id. "Before imposing sanctions on a [non-party] charged with civil contempt, due process requires that the [non-party] receive notice and an opportunity to be heard." Sanchez v. Pathmark Stores, No. 04 Civ. 1159 (GBD) (RLE), 2009 WL 398103, at *1 (S.D.N.Y. Feb. 17, 2009) (holding non-party in contempt for failing to appear for deposition where the nonparty had "notice and an opportunity to be heard, and she failed to avail herself of these rights.").

Civil contempt orders are employed "to coerce compliance with the court's order or compensate the complaining party for losses incurred resulting from the contemnor's conduct." Ahamed v. 563 Manhattan Inc., No. 19 Civ. 6388 (EK) (CLP), 2023 WL 4986364, at *4 (E.D.N.Y. July 6, 2023). Civil contempt proceedings are "remedial and compensatory, and not punitive." Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989) (quoting Sunbeam Corp. v. Golden Rule Appliance Co., 252 F.2d 467, 469 (2d Cir. 1958)). "The compensatory goal of civil contempt sanctions is 'met by awarding to the [moving party] any proven damages." Al Hirschfeld Found. v. Margo Feiden Galleries Ltd., 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (quoting Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996)).

In evaluating whether a contemnor is indeed in contempt, the Court will consider "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequence of that sanction upon the contemnor." In re Grand Jury Witness, 835 F.2d 437, 443 (2d Cir. 1987) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947)).

6. Mr. Kincaid's motion to withdraw as counsel for the Witnesses (Mendez, Dkt. No. 120 (the "MTV")) is **HELD IN ABEYANCE** pending the Witness Depositions.

7. Defendants' request that the Court hold the Witnesses in contempt "for failing to meaningfully comply with the [Oct. 30 Order] as it pertains to discovery (Dkt. No. 39)" is also **HELD IN ABEYANCE** pending the Witness Depositions.

Dated: New York, New York
September 10, 2026

SO ORDERED.

Sarah L Cave
______________________
**SARAH L. CAVE**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters. The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.

**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request). Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: ___________________

| | |
|---|---|
| Case Caption | |

| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |
|---|---|---|
| | | |

**INDICATE SERVICE:**

(prices listed are per page)

| | | | | |
|---|---|---|---|---|
| Daily $7.30 ○ | 3 Day $6.55 ○ | 7 Day $5.85 ○ | 14 Day $5.10 ○ | 30 Day $4.40 ○ |

| | |
|---|---|
| Your Name | |
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

RESET PRINT SAVE EMAIL