KINCAID LAW PLLC

152 West 57th Street, 8th Floor
New York, New York 10019
P: (646) 780 - 8063
F: (212) 980 - 2968
kincaidpllc.com

September 24, 2026

MEMO ENDORSED

**VIA CM/ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

Re: *Mendez et al. v. Aviles-Ramos et al.*, 25-cv-5746 (CM)(SLC)

Dear Judge Cave:

This law firm represents non-parties International Institute for the Brain, Ltd. and Sisters Travel and Transportation, LLC (collectively, the "Witnesses") in the above-referenced action. The Witnesses have directed the undersigned to file the following letter. I spoke with counsel for Defendants regarding this matter on September 24, 2026; Defendants do not consent to the relief requested herein.

"Pursuant to Fed. R. Civ. P. 26(b)(2)(C), 26(c), 30(b)(6), and 45, Local Civil Rule 37.2, and Section II.C of Your Honor's Individual Practices, the Witnesses respectfully request an expedited discovery conference and a protective order precluding the presently noticed Rule 30(b)(6) depositions, and that the deposition dates be suspended pending resolution of this application. iBRAIN is presently ordered to appear tomorrow, September 25, 2026 at 10:30 a.m.

The issue is not whether DOE was entitled to financial discovery. It received extensive financial discovery. The present question is whether, on the record that now exists, DOE may compel broad organizational examinations without identifying what material information remains unavailable. Rule 26 requires the Court to limit discovery that is unreasonably cumulative or duplicative, obtainable from a more convenient or less burdensome source, or pursued after ample opportunity to obtain the information. Fed. R. Civ. P. 26(b)(2)(C). Rule 45 separately requires protection of nonparties from undue burden. Fed. R. Civ. P. 45(d)(1), (d)(3).

Discovery from the Witnesses began with Judge McMahon's October 30, 2025 inquiry into whether the financial-jeopardy assertions supporting emergency pendency relief were factually substantiated. ECF No. 39 at 5-8. At the May 5 conference, the Witnesses explained that supplemental payroll/insurance and financial materials had substantiated the core propositions in Dr. Daniel Sebbag's declaration, and Your Honor responded that, because Judge McMahon

ordered that Dr. Sebbag 'should be deposed,' the Court understood the deposition to remain the last item on the original list. May 5, 2026 Tr. 4-6.

On May 18, Judge McMahon clarified that briefing would proceed when Your Honor advised that discovery had concluded and that the Witnesses had produced 'the information Judge Cave has deemed essential.' ECF No. 101 at 6. Accordingly, this Court has the authority to determine whether deposition testimony is actually warranted.

The record has changed materially since May. iBRAIN has produced monthly first-page bank summaries through April 2026 reflecting aggregate monthly balances and inflows/outflows; payroll information extending through June 2026; separate payroll/insurance breakdowns; and categorized financial summaries. Sisters has likewise supplied similar financial information. Taken together, this discovery has confirmed Dr. Sebbag's declaration. DOE has also examined Patrick Donohue over two deposition days on overlapping institutional, operational, financial, staffing, funding, and provider subjects in related actions.

However, the September deposition notices are not confined to discrete, unexplained financial information. Instead, they seek organizational testimony concerning day-to-day management and personnel; hiring and retention; communications with current and prospective families; public and private funding; and business relationships with Liberty & Freedom Legal Group, Sisters, and B&H Nursing. ECF No. 125-1 at 3. Those topics materially exceed the September 10 description that the Witnesses were to be deposed 'concerning their finances.' Mendez, ECF No. 124 ¶ 3.

DOE's own later descriptions confirm the scope problem. On June 30, DOE described this discovery as reaching the 2025-26 school year 'and preceding school years' to understand how iBRAIN's finances became allegedly dire. *Donohue v. Samuels*, No. 26 Civ. 5329 (JMF), June 30, 2026 Tr. 53. On July 30, DOE said it was trying to determine 'where this money is going,' who provides the services, their expertise, and why they command rates DOE considers above-market, and expressly identified that dispute as ongoing before Your Honor. *Id.*, July 30, 2026 Tr. 63-64. Judge Furman responded that, if DOE suspects 'waste, fraud, and abuse,' it has governmental investigative resources 'separate and apart from whatever discovery might be available in litigation.' *Id.* at 64.

The governing discovery authorities support intervention before the examination occurs. Your Honor has explained that Rule 30(b)(6) topics must be relevant, proportional, nonduplicative, and reasonably particularized, and that a deposition should not become a 'memory contest' over information readily available through documents and that parties should seek intervention before deposition. *K.S. v. City of New York*, 2025 U.S. Dist. LEXIS 14046, at *11-15 (S.D.N.Y. Jan. 27, 2025). *See also Carvana, LLC v. Int'l Bus. Machs. Corp.*, 2024 WL 4867092, at *10-11 (S.D.N.Y. Nov. 22, 2024) (if gaps remain, requesting party must identify more precisely what information is still needed and why alternative means cannot supply it).

This is not simply a repetition of an earlier conference objection on an unchanged record. It is a current Rule 26(c) challenge to the actual September notices after months of additional production, consolidation of the *Juca* and *Zafrani* actions, subsequent real-world evidence testing the Sebbag declaration, later sworn testimony, Judge McMahon's May 18 clarification, and DOE's

own subsequent articulation of a broader institutional purpose. If DOE contends that material information is still missing, it should identify the specific fact, the claim or defense to which it relates in these three actions, the existing discovery it reviewed, and why that fact cannot be obtained from the documentary record or DOE's own records and witnesses.

The Witnesses also request that the Court protect their confidential financial, operational, and student-related productions from further dissemination or use outside *Mendez*, *Juca*, and *Zafrani* pending resolution of this application. DOE's subsequent description of the discovery as an inquiry into institutional expenditures, provider expertise, and market pricing demonstrates a concrete need to prevent compelled case-specific discovery from becoming a general-purpose investigative repository. *See* Fed. R. Civ. P. 26(c)(1)(G).

Accordingly, the Witnesses respectfully request an expedited conference; suspension of the noticed depositions pending the Court's ruling; entry of a protective order precluding the iBRAIN and Sisters Rule 30(b)(6) depositions; and protection against use or dissemination of the Witnesses' confidential productions outside these three consolidated-discovery matters absent further Court order."

We thank the Court for its attention to this matter.

Respectfully submitted,

Andrew L. Kincaid

cc: All Counsel of Record (*via ECF*)

The Court is in receipt of the letter at Dkt. No. 132 filed by nonparties International Institute for the Brain, Ltd. ("iBrain") and Sisters Travel and Transportation, LLC ("Sisters") (together, the "Witnesses") in Mendez v. Aviles Ramos, No. 25 Civ. 5746 (S.D.N.Y.) (CM) (SLC) ("Mendez") requesting: (i) an expedited conference; (ii) suspension of the noticed depositions (Mendez, Dkt. Nos. 127; 129; Zafrani, Dkt. Nos. 108; 110; Juca, Dkt. Nos. 73; 75 (the "Notices")) pending the Court's ruling; (iii) entry of a protective order precluding the iBRAIN and Sisters Rule 30(b)(6) depositions (the "Depositions"); and (iv) protection against use or dissemination of the Witnesses' confidential productions outside these three consolidated-discovery matters absent further Court order. (Mendez, Dkt. No. 132 (the "Request")).

The Court deems the Request to also apply to the other two cases referred to the undersigned for consolidated discovery: (i) Zafrani v. Samuels, No. 25 Civ. 9772 (S.D.N.Y.) (MMG) (SLC) ("Zafrani"); and (ii) Juca v. Aviles-Ramos, No. 25 Civ. 6972 (S.D.N.Y.) (DEH) (SLC) ("Juca").

In the Request, the Witnesses object to the Notices because the topics "are not confined to discrete, unexplained financial information." (Mendez, Dkt. No. 132). The Court notes that it already approved the Notices and ordered the Depositions to take place. (Mendez, Dkt. Nos. 127; 129; Zafrani, Dkt. Nos. 108; 110; Juca, Dkt. Nos. 73; 75). Further, given that the Witnesses did not object to the Notices at the telephone conference on September 10, 2026, they waived any objections to the topics sets forth in the Notices. Accordingly, the Request is **DENIED** to the extent it seeks (i) an expedited conference; (ii) suspension of the noticed Depositions pending the Court's ruling; or (iii) entry of a protective order precluding the iBRAIN and Sisters Rule 30(b)(6) Depositions. The Court clarifies that Depositions shall take place at the time and place specified on the Notices, (Mendez, Dkt. Nos. 127; 129; Zafrani, Dkt. Nos. 108; 110; Juca, Dkt. Nos. 73; 75), and reminds the Witnesses of the consequences of failure to appear for their Depositions. (Mendez, Dkt. No. 124 ¶ 5; Zafrani, Dkt. No. 105 ¶ 5; Juca, Dkt. No. 72 ¶ 5).

To the extent the Request seeks "protection against use or dissemination of the Witnesses' confidential productions outside these three consolidated-discovery matters absent further Court order," the Court holds a ruling on that issue in abeyance pending the Depositions.

The Clerk of Court is respectfully directed to:
1) Close Dkt. No. 132; and
2) Docket this Order in Mendez, Zafrani and Juca.

SO ORDERED. September 24, 2026

SARAH L. CAVE
United States Magistrate Judge

K